OPINION
{¶ 1} Michael Brown, Sr. ("Brown") appeals the January 5, 2004 judgment entry of the Lake County Court of Common Pleas, Juvenile Division, ordering Brown's son, Timothy Brown ("Timothy"), committed to the permanent custody of the Lake County Department of Job and Family Services ("LCDJFS") and terminating Brown's parental rights to Timothy. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} Timothy was born October 25, 1990, to Debbie Brown ("Debbie") and Brown. In 1995, Brown was convicted of gross sexual imposition and attempted felonious sexual penetration involving his ten year-old niece. At the time of the offense, the niece resided at Brown's home. Brown has been incarcerated ever since.
 {¶ 3} In 1998, Debbie died as the result of complications arising from her alcohol abuse. Soon thereafter, Timothy was placed in the custody of Matt Brown, Timothy's paternal uncle. In April 2000, Timothy had to be removed from the uncle's custody due to allegations of abuse. In May 2000, Timothy was placed in the custody of Melissa Stowe and Ronald Calkins, his maternal aunt and uncle. In October 2001, Timothy was removed from their custody because they no longer were willing or able to care for Timothy. Timothy was adjudicated a dependent child on December 11, 2001, and placed in the temporary custody of the LCDJFS.
 {¶ 4} In June 2002, Timothy was placed with a foster family. At about that same time, Trish Capuano ("Capuano"), Timothy's cousin, filed a motion to intervene in an attempt to obtain custody of Timothy. A home study of Capuano's home was subsequently disapproved. Moreover, after filing the motion to intervene, Capuano failed to further proceed in the matter.
 {¶ 5} On May 20, 2003, the LCDJFS moved for permanent custody of Timothy. The trial court conducted a hearing on the matter on November 11, 2003. On January 5, 2004, the trial court granted LCDJFS's motion and terminated Brown's parental rights.
 {¶ 6} Brown timely appealed and raised the following assignment of error:
 {¶ 7} "The trial court erred in granting The Lake County Department of Job and Family Services Motion for Permanent Custody as such decision was against the manifest weight of the evidence and resulted in a manifest miscarriage of justice."
 {¶ 8} In his sole assignment of error, Brown argues that the state failed to demonstrate, by clear and convincing evidence, that Brown would not be able to parent Timothy within a reasonable time. Brown also argues that there was not clear and convincing evidence that it would be in Timothy's best interest for the LCDJFS to be granted permanent custody.
 {¶ 9} "An appellate court will not reverse a juvenile court's determination of parental rights and award of permanent custody to an agency if the judgment is supported by clear and convincing evidence." In re Taylor (June 11, 1999), 11th Dist. No. 97-A-0046, 1999 Ohio App. LEXIS 2620. at *8 (citations omitted). Clear and convincing evidence is that measure of proof "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. It is more than a preponderance of the evidence, but not to the level of beyond a reasonable doubt. Id.
 {¶ 10} In granting permanent custody to the LCDJFS, the trial court determined that, pursuant to R.C. 2151.419(A)(2), the LCDFJS was not required to make reasonable efforts to "prevent the removal of the child * * *, eliminate the continued removal of the child * * *, and return the child to the child's home." Thus, the permanent custody proceeded under R.C. 2151.413(D)(2).
 {¶ 11} "With respect to a motion made pursuant to division (D)(2) of section 2151.413 of the Revised Code, a court shall grant permanent custody of the child to the movant if the court determines in accordance with division (E) of this section that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of this section that permanent custody is in the child's best interest." R.C.2151.414(B)(2).
 {¶ 12} A "child cannot be placed with [a] parent within a reasonable time or should not be placed with [a] parent * * * [that] has been convicted of or pleaded guilty to * * * an offense under section * * * 2907.05 * * * and the victim of the offenses is * * * another child who lived in the parent's household at the time of the offense." R.C. 2151.414(E)(7)(d). Similarly, a "child cannot be placed with [a] parent within a reasonable time or should not be placed with [a] parent * * * [that] is incarcerated at the time of the filing of the motion for permanent custody * * * and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody." R.C. 2151.414(E)(12).
 {¶ 13} In this case, Brown was incarcerated at the time the LCDJFS filed for permanent custody and had only served eight years of a possible 15 year sentence. Although Brown was eligible for parole prior to the termination of his sentence, the mere possibility of parole is too speculative for a court to find that a child can be placed with the incarcerated parent within a reasonable time. See In re Hederson (1986), 30 Ohio App.3d 187,189 ("[t]he trial court cannot be faulted for rejecting speculative projections concerning the length of incarceration"). Moreover, Brown admitted at the hearing that, upon his release from prison, he will be foreclosed from having unsupervised contact with children. Thus, there was clear and convincing evidence to indicate that Brown would be unable to care for Timothy within 18 months of the filing of the motion for permanent custody. In addition, even if Brown were otherwise able to care for Timothy within the requisite 18 months, Brown was convicted of gross sexual imposition, a violation of R.C.2907.05, involving a child who resided with Brown at the time of the offense. Thus, pursuant to R.C. 2151.414(E)(7)(d), there was clear and convincing evidence to demonstrate that Timothy should not be placed with Brown. See In re Gregory (Apr. 3, 2000), 12th Dist. No. CA99-06-099, 2000 Ohio App. LEXIS 1396, at *11 ("The trial court was required to find the children cannot or should not be placed with appellant if any of the factors [of R.C. 2151.414(E)] were present.") (emphasis added) (citations omitted).
 {¶ 14} Although Brown claims that the LCDFJS failed to demonstrate by clear and convincing evidence that Timothy could not be placed with a relative, specifically, Brown's mother, there is no requirement that the agency demonstrate as such. See R.C. 2151.414(B)(2) ("the court shall grant permanent custody * * * if the court determines * * * that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent * * *") (emphasis added); see, also, In re Hiatt (1993), 86 Ohio App.3d 716, 722;In re Dixon (Nov. 29, 1991), 6th Dist. No. L-91-021, 1991 Ohio App. LEXIS 5698, at *13-*14. Moreover, in this case, Timothy was twice unsuccessfully placed with relatives and the agency examined at least one other relative for possible placement. Further, Brown's mother never indicated any interest in having Timothy placed with her and made no efforts to examine that option. In fact, she never contacted the LCDJFS, nor did she ever appear at any hearing regarding the custody of Timothy, including the hearing on the LCDJFS's motion for permanent custody. While a children services agency should strive to place a child with a willing and suitable relative, see R.C. 2151.412(G), we will not impose a duty on the agency to search for and examine every possible relative, especially those that have never indicated a desire to be considered as a placement option.
 {¶ 15} Having determined that there was clear and convincing evidence that Timothy cannot be placed with Brown within a reasonable time and/or should not be placed with Brown, we must now determine whether there was clear and convincing evidence that permanent custody is in Timothy's best interest. R.C.2151.414(B)(2).
 {¶ 16} The following factors shall be considered in determining the best interests of the child: "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers * * *; (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem * * *; (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies * * * for twelve or more months of a consecutive twenty-two month period * * *; (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; [and] (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply," R.C. 2151.414(D), which include whether the parent has been convicted of or pleaded guilty to a violation of R.C. 2907.05 involving another child residing with the parent and whether the parent has abandoned the child. R.C. 2151.414(E)(7)(d) and 2151.414(E)(10).
 {¶ 17} "[T]he provisions of R.C. 2151.414(D) are mandatory and `must be scrupulously observed.'" In re Smith, 11th Dist. No. 2002-A-0098, 2003-Ohio-800, at ¶ 13 (citation omitted). Thus, the record must reflect that the trial court considered all five factors of R.C. 2151.414(D) before making its decision.
 {¶ 18} In this case, the trial court specifically enumerated the requisite five factors. In doing so, the trial court discussed, in detail, Brown's limited relationship with Timothy. The trial court also found that Timothy was mature enough to express a meaningful opinion as to his custody and that Timothy, in fact, wishes to be adopted. Further, the trial court detailed Timothy's custodial history and specifically found that Timothy has been in the custody of the LCDJFS for 12 or more months of the previous 22 months. The trial court also determined that, based upon the extensive testimony, Timothy needs a legally secure permanent placement and that such a placement cannot be achieved without granting permanent custody to the LCDJFS. In addition, the trial court found that, because of Brown's incarceration since Timothy was the age of five, Brown has abandoned Timothy. Finally, the trial court found that Brown has been convicted of gross sexual imposition, a violation of R.C.2907.05, involving a child that resided with Brown at the time of the offense.
 {¶ 19} Based on the foregoing record, it is clear that the trial court considered the factors enumerated in R.C. 2151.414(D) before rendering its decision. The record also supports the trial court's determination, by clear and convincing evidence, that the termination of Brown's parental rights and the granting of permanent custody of Timothy to the LCDJFS is in Timothy's best interest.
 {¶ 20} For the foregoing reasons, we hold that Brown's sole assignment of error is without merit. The decision of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.
Ford, P.J., Christley, J., concur.